<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GENNY RIVAS, | : | |
| | : | Civil Action No. 14-608 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| ERIC WILSON, | : | |
| | : | |
| Respondent. | : | |

THIS MATTER is before the Court on Petitioner's submission of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. It appears that:

1. Petitioner, Genny Rivas, filed this habeas petition, on or about January 29, 2014, in the United States District Court for the District of New Jersey. Petitioner is a federal inmate presently confined at FCI Petersburg in Hopewell, Virginia. He is challenging a decision by the Federal Bureau of Prisons, which has denied Petitioner's admission into a drug rehabilitation program. Consequently, because Petitioner is challenging the execution of his sentence, it is appropriately considered a habeas action under § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

2. On June 16, 2014, a letter brief was filed in answer to the petition. (ECF No. 6.) Respondent states that this matter should be dismissed due to this Court's lack of personal jurisdiction over Petitioner's custodian. (*Id.*)

3. Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.

4. In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Thus, the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994). Here, Petitioner properly names his custodian as the Respondent in this matter.

5. The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts:

> Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Padilla*, 542 U.S. at 446–47 (citations and footnote omitted).

6. Jurisdiction is determined as of the time the petition is filed. *See United States v. Moruzin*, 483 F. App'x 736 (3d Cir. 2012); *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (noting that custody is measured as of the time that the petition was filed). In this case, Petitioner was confined in Virginia, not New Jersey, at the time he filed this Petition. Accordingly, this Court lacks jurisdiction to hear the Petition.

7. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Arroyo v. Hollingsworth*, No. 12-7889, 2013 WL 5816917, *3 (D.N.J. Oct. 29, 2013). In this case,

Petitioner has named his custodian at FCI Petersburg in Hopewell, Virginia, as the party respondent. Consequently, as Petitioner is confined in the Eastern District of Virginia and jurisdiction over the custodial respondent resides there, this Court will transfer this matter to the United States District Court for the Eastern District of Virginia, for consideration of this habeas petition by that Court. This Court expresses no opinion as to the merits of the Petition.

THEREFORE, for the foregoing reasons,

IT IS on this 16th day of October, 2014,

ORDERED that the Clerk shall TRANSFER this action to the United States District Court for the Eastern District of Virginia; and it is further

ORDERED that the Clerk shall serve this Order upon the parties, and close the file accordingly.

        ___*s/ Susan D. Wigenton*_____
        SUSAN D. WIGENTION
        United States District Judge